Mary G. Thompson (SBN 249200)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA 91914
mt@efaganlaw.com
Phone: 619-656-6656  Fax: 775-898-5471
Attorney for Plaintiff Angelena R. Cassady

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELENA R. CASSADY, an individual; <br><br> Plaintiff <br> v. <br><br> UNION ADJUSTMENT CO., INC, a corporation; ZEE LAW GROUP, P.C., a professional corporation; and DOES 1 through 10 inclusive, | Civil Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

**COMPLAINT**

**I. INTRODUCTION**

1.      This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//
//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff **ANGELENA R. CASSADY** is a natural person residing in California.

4. Defendant **UNION ADJUSTMENT CO., INC.** ("UNION ADJUSTMENT") is a corporation doing the business of collecting debts in California, operating from an address at 1616 Victory Blvd. Glendale, CA 91201.

5. Defendant **ZEE LAW GROUP, P.C.,** ("ZEE LAW GROUP") is a professional corporation doing the business of collecting debts in California, operating from an address at 323 West Valley Blvd., Ste 200, Alhambra, CA 91803.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another.

7. DOE defendants, UNION ADJUSTMENT, and ZEE LAW GROUP, are debt collectors as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

8. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the

1 true names and capacities of these DOE Defendants are ascertained, they may be inserted in
2 all subsequent proceedings, and that this action may proceed against them under their true
3 names.

4     9.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

5     10.    The purported debt that Defendants attempted to collect from Plaintiff was a
6 "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

7     11.    Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code
8 1788.2(h).

9     12.    The purported debt which Defendants attempted to collect from Plaintiff was a
10 "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

13. In January, 2002, Plaintiff purchased a vehicle from a dealership called Cash for Cars, Inc. for a total contract price of $10,803.44.

14. In August, 2003, Plaintiff encountered severe financial hardship; Plaintiff discontinued payments on the contract with Cash for Cars, Inc. and voluntarily provided for the return of the car to the creditor.

15. In late August or early September, 2003, A-L Financial Corp, the finance company that was handling her loan, repossessed Plaintiff's vehicle.

16. On October 2, 2006, without having provided any notice to Plaintiff as required by law, A-L Financial Corp. sold Plaintiff's vehicle at a private sale for $250.00, only fifteen percent of the Kelly Blue Book Value; A-L Financial Corp. credited Plaintiff's account with a mere $73.50.

17. At some point, A-L Financial Corp. hired Defendants to collect an alleged deficiency from Plaintiff, which was the balance then allegedly owing on the vehicle less $73.50 (the Debt).

18. On November 27, 2006, UNION ADJUSTMENT sent a letter to Plaintiff, which letter was the initial communication from UNION ADJUSTMENT to Plaintiff, captioned

1  "Notification Per CCP Section 1033(2)," which stated that UNION ADJUSTMENT intended
2  to take legal action against Plaintiff to collect the Debt.
3      19.    In the letter of November 27, 2006, UNION ADJUSTMENT failed to include
4  any of the notices required under the FDCPA, 15 U.S.C. §1692e(11) and §1692g and the
5  Rosenthal Act, California Civil Code §1812.700; UNION ADJUSTMENT never provided
6  the required notices to Plaintiff.
7      20.    In the letter of November 27, 2006, UNION ADJUSTMENT demanded
8  payment of principal of $4,966.00 plus interest of $711.90, for a total of $5677.90.
9      21.    In a letter dated December 6, 2006, A-L Financial Corp. assigned Plaintiff's
10 alleged debt to UNION ADJUSTMENT "for collection purposes only."
11     22.    On January 15, 2007, ZEE LAW GROUP sent a letter to Plaintiff, which letter
12 was the initial communication from ZEE LAW GROUP to Plaintiff, captioned in part
13 "Demand for Payment Prior to Litigation (CCP §1033),"; the letter demanded a principal
14 amount of $4,966.00 plus an unspecified amount of "accrued interest, costs of collection,
15 attorneys' fees [and] court costs."
16     23.    In the letter of November 27, 2006, ZEE LAW GROUP failed to include any of
17 the notices required under the FDCPA, 15 U.S.C. §1692e(11) and §1692g and the Rosenthal
18 Act, California Civil Code §1812.700; ZEE LAW GROUP never provided the required
19 notices to Plaintiff.
20     24.    In the letter of January 15, 2007, ZEE LAW GROUP included in its caption the
21 statement, "Court Case No.: <Pending>", which statement was false and misleading in that it
22 falsely implied that litigation had already been commenced against Plaintiff.
23     25.    Also in the letter of January 15, 2007, ZEE LAW GROUP began the body of the
24 letter with the phrase, "As you are undoubtedly aware from past correspondences [sic], this
25 office has been retained by Union Adjustment Co. Inc…," which statement was false and
26 misleading in that Plaintiff had never received any previous correspondence from ZEE LAW
27 GROUP. The letter from UNION ADJUSTMENT had not indicated its employment of ZEE
28 LAW GROUP.

26. Also in the letter of January 15, 2007, ZEE LAW GROUP stated "**Be advised that:** OUR CLIENT MAY REPORT YOUR UNRESOLVED ACCOUNT TO A MAJOR CREDIT REPORTING AGENCY, AND SUCH CREDIT REPORT WILL APPEAR EACH TIME ANY CREDIT GRANTOR REQUESTS A COPY OF YOUR CREDIT HISTORY," which statement was false and misleading in that it falsely implied that the report could never be removed from Plaintiff's credit report and that it would remain indefinitely.

27. On February 14, 2007, Defendants filed suit against Plaintiff in the Superior Court of the State of California, County of Santa Clara, Case No.: 107CV079999 ("the Action"), demanding a deficiency balance of $4,966.00, plus interest at 21.20%, costs, and attorney fees.

28. The complaint in the Action alleged that "the Notice of Intent of Sale was sent to [Plaintiff's] last known address on September 04, 2003 by certified mail as required by law," which statement was false and misleading in that Defendants did not send a notice to Plaintiff by certified mail or otherwise.

29. Defendants sent Plaintiff a document purporting to be a photocopy of a Certified Mail Receipt evidencing mailing of the Notice of Intent of Sale, which document was false and misleading in that the purported receipt had no postmark and had not been sent.

30. On September 24, 2007, the Action went to trial; the Court entered judgment for Plaintiff, the defendant in the Action.

31. In its letter of November 26, 2006, UNION ADJUSTMENT stated "…legal action could result in a judgment against you, which could include the actual costs of filing plus service of process and attorney's fees," and "You may also be liable for attorney's fees pursuant to section 1717.5 of the civil code," which statements were false and misleading in that the Action did not result in judgment against Plaintiff, and Plaintiff could not be held liable for attorney's fees and costs.

32. In its letter of January 15, 2007, ZEE LAW GROUP stated "**be advised that:** WHEN LITIGATION COMMENCES, YOU RISK FURTHER LEGAL COSTS AND CHARGES, INCLUDING, BUT NOT LIMITED TO, FEES FOR FILING THE LAWSUIT, FOR ANY MOTIONS MADE AGAINST YOU, FOR COSTS AND SERVICE OF ALL

PROCESS, FOR INTEREST AND FOR ATTORNEY'S FEES," which statement was false and misleading in that the Action did not result in judgment against Plaintiff, and Plaintiff could not be held liable for attorney's fees and costs.

33. As a result of the acts alleged above, Plaintiff has suffered damages in an amount to be proved at trial.

## V.  FIRST CLAIM FOR RELIEF
### (As against all Defendants for Violation of the FDCPA)

34. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

35. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

 (a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

 (b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

 (c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of a debt;

 (d) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to taken any action that cannot legally be taken or that is not intended to be taken.

 (e) The Defendants violated 15 U.S.C. § 1692e(8) by threatening to communicate to a any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed;

 (f) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(g) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector and that information obtained would be used for that purpose;

(h) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(i) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law;

(j) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication.

36. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF
### (Against all Defendants for Violation of the Rosenthal Act)

37. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

38. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.13(e) by falsely representing that the consumer debt may be increased by the addition of attorney's fees, finance charges, or other charges, when in fact such fees or charges could not have legally been added to the existing obligation.

(b) The Defendants violated California Civil Code §1788.13(f) by falsely representing that information concerning Plaintiff's alleged failure to pay a consumer debt was about to be referred to a consumer reporting agency.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(c) The Defendants violated California Civil Code §1788.13(l) by making a demand for money even though the claim was not actually assigned to Defendants.

(d) The Defendants violated California Civil Code §1788.14(b) by attempting to collect from Plaintiff Defendants' fee or charge for services rendered.

(e) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

(f) The Defendants violated California Civil Code §1812.700 by failing, with the first written notice addressed to Plaintiff, to provide the description of debtor rights contained within that section.

39. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

41. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a).

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c)

(d) For such other and further relief as the Court may deem just and proper.

Dated 10/29/2007

\_\_\_\_\_/S/ Mary Thompson_____
Mary G. Thompson, Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Dated 10/29/2007

　　　　　　　　　　　　　　　　　　　　/S/ Mary Thompson
　　　　　　　　　　　　　　　　　　Mary G. Thompson, Attorney for Plaintiff