1    DAVID J. KAMINSKI, ESQ., (SBN #128509)
     kaminskid@cmtlaw.com
2    MICHAEL P. LAVIGNE, ESQ., (SBN#216538)
     lavignem@cmtlaw.com
3    CARLSON & MESSER LLP
     5959 W. Century Boulevard, Suite 1214
4    Los Angeles, California 90045
     (310) 242-2200 Telephone
5    (310) 242-2222 Facsimile

6    Attorneys for Defendant,
     ZEE LAW GROUP, P.C.
7

8                    UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

10

11   ANGELENA R. CASSADY, an          )    CASE NO. C 07 5405 SI
     individual;                      )
12                                     )    [Complaint Filed:   10/23/07]
                    Plaintiff,         )
13                                     )    **DEFENDANT ZEE LAW GROUP, P.C.'S**
              vs.                      )    **ANSWER TO COMPLAINT**
14                                     )
     UNION ADJUSTMENT CO., INC., a     )    Judge: Hon. Susan Illston
15   corporation; ZEE LAW GROUP, P.C., a )  Courtroom 10
     professional corporation; and DOES 1 )
16   through 10, inclusive,            )
                                       )
17                  Defendants.        )
                                       )
18                                     )
                                       )
19   _____)

20

21

22

23

24

25

26

27

28

1    COMES NOW Defendant ZEE LAW GROUP, P.C. ("Defendant") appearing for itself and

2    for no other person, firm or entity, and answers the Complaint of Plaintiff ANGELENA R.

3    CASSADY ("Plaintiff"), by admitting, denying and alleging as follows:

4        1.    Paragraph 1 of the Complaint states legal conclusions to which no complete

5    response is required.  To the extent that this paragraph requires a response, Defendant lacks

6    knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

7    this paragraph and on that basis denies them.

8        2.    Paragraph 2 of the Complaint states legal conclusions to which no complete

9    response is required.  To the extent that this paragraph requires a response, Defendant lacks

10   knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

11   this paragraph and on that basis denies them.

12       3.    Answering Paragraph 3 of the Complaint,  Defendant is without knowledge or

13   information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis,

14   denies each and every allegation contained therein.

15       4.    Answering Paragraph 4 of the Complaint, Defendant is without knowledge or

16   information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis,

17   denies each and every allegation contained therein.

18       5.    Answering Paragraph 5 of the Complaint,  Defendant admits that it is a professional

19   corporation that does business within the State of California, and denies the remainder of the

20   allegations in paragraph 5 as they constitute conclusions of law.

21       6.    Answering Paragraph 6 of the Complaint, Defendant denies each and every

22   allegation contained therein.

23       7.    Paragraph 7 of the Complaint states legal conclusions to which no complete

24   response is required.  To the extent that this paragraph requires a response, Defendant denies the

25   allegations of paragraph 7.

26       8.    Paragraph 8 of the Complaint states legal conclusions to which no complete

27   response is required.  To the extent that this paragraph requires a response, Defendant lacks

28   knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

this paragraph and on that basis denies them.

9.      Answering Paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

10.     Answering Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

11.     Answering Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

12.     Answering Paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

13.     Answering Paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

14.     Answering Paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

15.     Answering Paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

16.     Answering Paragraph 16 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

17.     Answering Paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

18.    Answering Paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

19.    Answering Paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

20.    Answering Paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

21.    Answering Paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

22.    Answering Paragraph 22 of the Complaint, Defendant admits that it sent a letter to Plaintiff on or about January 15, 2007. Defendant denies the remainder of the allegations in paragraph 22 as they constitute conclusions of law.

23.    Defendant denies the allegations in Paragraph 23 of the Complaint. Moreover, Defendant denies the allegations in paragraph 23. Moreover, Defendant denies the allegations in paragraph 23 as they constitute conclusions of law.

24.    Answering Paragraph 24 of the Complaint, Defendant admits that it sent a letter to Plaintiff on or about January 15, 2007. Defendant denies the remainder of the allegations in paragraph 24.

25.    Answering Paragraph 25 of the Complaint, Defendant admits that it sent a letter to Plaintiff on or about January 15, 2007. Defendant denies the remainder of the allegations in paragraph 25.

26.    Answering Paragraph 26 of the Complaint, Defendant admits that it sent a letter to Plaintiff on or about January 15, 2007. Defendant denies the remainder of the allegations in paragraph 26.

27.    Answering Paragraph 27 of the Complaint, Defendant admits that it caused an action to be filed against Plaintiff in the Superior Court, case number 107CV079999.  Defendant denies the remainder of the allegations in paragraph 27.

28.    Answering Paragraph 28 of the Complaint, Defendant denies the allegations in paragraph 28.

29.    Answering Paragraph 29 of the Complaint, Defendant admits that a photocopy of a Certified Mail Receipt was sent to Plaintiff.  Except as so expressly admitted, Defendant denies the allegations in paragraph 29.

30.    Answering Paragraph 30 of the Complaint, Defendant admits the allegations in paragraph 30.

31.    Answering Paragraph 31 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

32.    Answering Paragraph 32 of the Complaint, Defendant admits that it sent a letter to Plaintiff on or about January 15, 2007. Defendant denies the remainder of the allegations in paragraph 32.

33.    Defendant denies the allegations in paragraph 33 of the Complaint.  Moreover, Defendant denies the allegations in paragraph 33 as they constitute conclusions of law.

34.    Answering paragraph 34 of the Complaint, Defendant incorporates the responses from Paragraphs 1-33.

35.    Defendant denies the allegations in paragraph 35.  Moreover, Defendant denies the allegations in paragraph 35 as they constitute conclusions of law.

36.    Defendant denies the allegations in paragraph 36 of the Complaint. Moreover, Defendant denies the allegations in paragraph 36 as they constitute conclusions of law.

37.    Answering paragraph 37 of the Complaint, Defendant incorporates the responses from Paragraphs 1-36.

38.    Defendant denies the allegations in paragraph 38 of the Complaint.  Moreover,

1    Defendant denies the allegations in paragraph 38 as they constitute conclusions of law.

2         39.    Defendant denies the allegations in paragraph 39 of the Complaint.  Moreover,

3    Defendant denies the allegations in paragraph 39 as they constitute conclusions of law.

4         40.    Answering Paragraph 40 of the Complaint, the paragraph states legal conclusions to

5    which no complete response is required and is devoid of any factual allegations so as to make an

6    informed response impossible at this point in time.  To the extent that this paragraph requires a

7    response, Defendant is without knowledge or information sufficient to form a belief as to the truth

8    of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

9         41.    Answering Paragraph 41 of the Complaint, the paragraph states legal conclusions to

10   which no complete response is required and is devoid of any factual allegations so as to make an

11   informed response impossible at this point in time.  To the extent that this paragraph requires a

12   response, Defendant is without knowledge or information sufficient to form a belief as to the truth

13   of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

14

15                          **FIRST AFFIRMATIVE DEFENSE**

16                            (Fails to State Cause of Action)

17        1.    As a separate, affirmative defense, Defendant alleges that the Complaint, and each

18   and every purported cause of action contained therein, fails to state facts sufficient to constitute a

19   cause of action.

20

21                        **SECOND AFFIRMATIVE DEFENSE**

22                            (Did Not Violate FDCPA)

23        2.    As a separate, affirmative defense, Defendant alleges that the alleged actions of

24   Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq.

25

26

27

28

**THIRD AFFIRMATIVE DEFENSE**

(Good Faith)

3.       Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted  Defendant alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to these answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver/Estoppel/Unclean Hands/Laches)

4.       As a separate, affirmative defense,  the Complaint, and each cause of action alleged therein against Defendant, is barred or limited in whole or in part, by the doctrines of waiver, unclean hands, laches and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

(Bona Fide Error)

5.       As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not negligent or intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**SIXTH AFFIRMATIVE DEFENSE**

(Maintained FDCPA Reasonable Procedures)

6.       As a separate, affirmative defense, Defendant alleges that it, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of intentional

1    violations of the Fair Debt Collection Practices Act.

2

3

4                        **SEVENTH AFFIRMATIVE DEFENSE**

5                          (FDCPA Damages are Limited)

6          7.          As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged

7    in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15

8    U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A), 1692k (a)(3) and 1692k(b)(1).

9

10                      **EIGHTH AFFIRMATIVE DEFENSE**

11                     (Conduct Was Privileged under FDCPA)

12         8.          As a separate, affirmative defense, Defendant alleges that Defendant's conduct,

13   communications and actions, if any, was privileged pursuant to 15 U.S.C. § 1692k(c).

14

15                       **NINTH AFFIRMATIVE DEFENSE**

16                          (Compliance with Statute)

17         9.          The conduct of Defendant at all times complied with all applicable statutes,

18   regulations and laws; accordingly, the Complaint and each purported cause of action alleged

19   therein against Defendant is barred.

20

21                       **TENTH AFFIRMATIVE DEFENSE**

22                         (Did Not Violate Rosenthal Act)

23         10.         As a separate, affirmative defense, Defendant alleges that the alleged actions of

24   Defendant were proper and did not violate any provisions of California Civil Code § 1788 et. seq.

25

26                    **ELEVENTH AFFIRMATIVE DEFENSE**

27                     (Rosenthal Act damages are limited)

28         11.         As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged

1    in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by Civil

2    Code 1788.30 and 1788.32.

3

4                            **TWELFTH AFFIRMATIVE DEFENSE**

5                                (Failure to Mitigate Damages)

6          12.    As a separate, affirmative defense, Defendant alleges that any recovery against

7    Defendant must be reduced to the extent Plaintiff has failed to mitigate, minimize or avoid

8    damages for which recovery is sought herein.

9                            **THIRTEENTH AFFIRMATIVE DEFENSE**

10                       (Maintained Rosenthal Act Reasonable Procedures)

11         13.    As a separate, affirmative defense, Defendant alleges that it, at all times alleged in

12   the complaint, maintained reasonable procedures created to prevent any type of negligent or

13   intentional violations of the Rosenthal Act.

14

15                           **FOURTEENTH AFFIRMATIVE DEFENSE**

16                        (Conduct was Privileged under Rosenthal Act)

17         14.    As a separate, affirmative defense, Defendant alleges that Defendant's conduct,

18   communications and actions, if any, were privileged, pursuant to Civil Code §1788.12(e).

19

20                            **FIFTEENTH AFFIRMATIVE DEFENSE**

21                                 (Statute of Limitations)

22         15.    As a separate, affirmative defense, Defendant alleges that Plaintiff's causes of

23   action are barred by the applicable statutes of limitations.

24                            **SIXTEENTH AFFIRMATIVE DEFENSE**

25                          (Litigation Privilege, Civil Code Sec. 47)

26         16.    As a separate, affirmative defense, Defendant alleges that Plaintiff's causes of

27   action are barred against Defendant because of the litigation privilege under California Civil Code

28   § 47.

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

(Actions of Defendant were Justified)

3      17.     As a separate, affirmative defense, Defendant alleges that at all times mentioned in

4    the Complaint, Defendant acted lawfully and within its legal rights with a good faith belief in the

5    exercise of that right, and in furtherance of a legitimate business purpose.  Further, Defendant acted

6    in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant

7    were justified under the circumstances based upon information reasonably available to him.

8

## EIGHTEENTH AFFIRMATIVE DEFENSE

9

(Privilege)

10      18.     As a separate, affirmative defense, Defendant alleges that the actions, conduct and

11    communications, if any, of Defendant and its agents were privileged.

12

## NINETEENTH AFFIRMATIVE DEFENSE

13

(Comparative Fault)

14      19.     As a separate, affirmative defense, Defendant alleges that any liability of Defendant,

15    which is expressly denied, is solely vicarious, imputed, or imposed by law.  Plaintiff's damages, if

16    any, which are expressly denied, must be reduced by the percentage of fault attributable to the acts

17    or omissions of all other persons, whether or not such persons are parties.

18

## TWENTIETH AFFIRMATIVE DEFENSE

19

(Conduct of Others)

20      20.     As a separate, affirmative defense, Defendant alleges that any injury or damage

21    suffered or sustained by Plaintiff was in whole or in part proximately caused by persons or entities

22    other than Defendant.

23

## TWENTY-FIRST AFFIRMATIVE DEFENSE

24

(Damages Caused by Intervening or Supervening Cause)

25      21.     As a separate, affirmative defense, Defendant alleges that Plaintiff's damages, if

26    any, were caused by intervening and/or supervening causes, and were not caused by Defendant.

27

## TWENTY-SECOND AFFIRMATIVE DEFENSE

28

(Damages Caused by Conduct of Plaintiff)

22.     As a separate, affirmative defense, Defendant alleges that any damages suffered by Plaintiff were caused by or contributed to by the conduct of Plaintiff and or her agents, servants, employees, or representatives, and was not caused by the acts or omissions of Defendant, or its agents, servants, employees, or representatives, and therefore Plaintiff's claims for damages, if any, which are expressly denied, are barred by or must be reduced by the percentages of fault attributable to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(*In Pari Delicto*)

23.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of *in pari delicto*.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Offset)

24.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred or reduced by the doctrine of offset.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

25.     As a separate, affirmative defense, Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.


<u>PRAYER FOR RELIEF</u>

With regard to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief stated therein, and Defendant asserts that the claims and relief asserted are untenable as a matter of law.

**WHEREFORE**, this answering Defendant prays:

1.     For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff takes nothing by reason of said Complaint;

1    2.    That this answering Defendant be awarded costs of suit herein and such other

2    further relief as the Court deems just; and

3    3.    That this answering Defendant be awarded attorneys fees' pursuant to 15 U.S.C.

4    §1692k(a)(3) and Cal. Civ. Code § 1788.30(c).

5

6    DATED:  December 21, 2007                    CARLSON & MESSER LLP

7

8                                          By      /s/ Michael P. Lavigne
                                                _____
9                                               David J. Kaminski, Esq.
                                                Michael P. Lavigne, Esq.
10                                              Attorneys for Defendant,
                                                ZEE LAW GROUP, P.C.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28