Mark E. Ellis - 127159
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for
DEFENDANT UNION ADJUSTMENT CO., INC.

U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGELENA CASSADY, an individual,, <br><br> Plaintiff, <br><br> v. <br><br> UNION ADJUSTMENT CO., INC., a corporation; ZEE LAW GROUP, P.C., a professional corporation; and DOES 1 through 10 inclusive., | Case No.: 07-CV-05405-SI <br><br> **DEFENDANT UNION ADJUSTMENT CO., INC.'s ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant UNION ADJUSTMENT CO., INC., a corporation, hereby responds to the Complaint of Plaintiff ANGELENA CASSADY as follows:

1.    Paragraph 1 contains no allegation requiring a response of admit or deny from this answering defendant.

2.    This answering defendant does not challenge jurisdiction or venue.

3.    As to Paragraph 3, Defendant lacks sufficient information to admit or deny the allegation therein.

4.    As to Paragraph 4, Defendant admits that Union Adjustment Co., Inc. is a corporation operating from the address listed therein.

5.    As to Paragraph 5, Defendant lacks sufficient information to admit or deny the allegation therein.

6.    As to the allegations in Paragraph 6 Defendant admits it engages in the collection of debt.  Defendant lacks sufficient information to admit or deny as to Zee Law Group.

7.    As to Paragraph 7, Defendant admits the allegations as to Union Adjustment Co., Inc. only.

8.    As to Paragraph 8, Defendant denies this allegation.

9.    As to Paragraph 9, Defendant lacks sufficient information to admit or deny the allegation therein.

10.    As to Paragraph 10, Defendant lacks sufficient information to admit or deny the allegation therein.

11.    As to Paragraph 11, Defendant lacks sufficient information to admit or deny the allegation therein.

12.    As to Paragraph 12, Defendant lacks sufficient information to admit or deny the allegation therein.

13.    As to Paragraph 13, Defendant lacks sufficient information to admit or deny the allegation therein.

14.    As to Paragraph 14, Defendant lacks sufficient information to admit or deny the allegation therein.

15.    As to Paragraph 15, Defendant lacks sufficient information to admit or deny the allegation therein.

16.    As to Paragraph 16, Defendant admits that A-L Financial Corp. credited Plaintiff's account with $73.50; Defendant lacks sufficient information to admit or deny the remaining allegations therein.

17.    As to Paragraph 17, Defendant admits it was hired to collect the alleged deficiency; however, defendant lacks sufficient information to admit or deny the allegation that the deficiency equaled the balance allegedly owing on the subject vehicle, less $73.50, as the allegation is vague and ambiguous and, therefore, defendant lacks sufficient knowledge to admit or deny the allegations.

////

////

18.    The allegation in Paragraph 18 that the letter was the "initial communication" is vague and ambiguous, and, as such, defendant lacks sufficient information to admit or deny this allegation. Defendants admit the remaining allegation therein.

19.    As to Paragraph 19, Defendant denies the allegations therein.

20.    As to Paragraph 20, Defendant lacks sufficient information to admit or deny the allegation therein.

21.    As to Paragraph 21, Defendant lacks sufficient information to admit or deny the allegation therein.

22.    As to Paragraph 22, Defendant lacks sufficient information to admit or deny the allegation therein.

23.    As to Paragraph 23, Defendant lacks sufficient information to admit or deny the allegation therein.

24.    As to Paragraph 24, Defendant lacks sufficient information to admit or deny the allegation therein.

25.    As to Paragraph 25, Defendant lacks sufficient information to admit or deny the allegation therein.

26.    As to Paragraph 26, Defendant lacks sufficient information to admit or deny the allegation therein.

27.    As to Paragraph 27, it is vague an ambiguous as to which defendant the allegation is against, and, therefore, Defendant cannot admit or deny the allegation.

28.    As to Paragraph 28, it is vague an ambiguous as to which defendant the allegation is against, and, therefore, Defendant cannot admit or deny the allegation.

29.    As to Paragraph 29, it is vague an ambiguous as to which defendant the allegation is against, and, therefore, it cannot admit or deny the allegation.

30.    As to Paragraph 30, defendant admits the allegations therein.

31.    As to the allegations in Paragraph 31, defendants assert it is vague and ambiguous as to which letter is in question, and it, therefore, cannot admit or deny it.  As to the allegation that any such statements were false or misleading, defendants deny this allegation.

32.    As to Paragraph 32, this Defendant lacks sufficient information to admit or deny the allegation therein.

33.    As to Paragraph 33, this Defendant denies this allegation.

34.    Defendant repeats and incorporates its responses 1 through 33 above, as if set forth herein.

35(a) – 35(j)    Defendant denies it violated the FDCPA, and denies each and every allegation within Paragraph 35 and its subparts.

36.    Defendant denies the allegation in Paragraph 36 in its entirety.

37.    Defendant repeats and incorporates its responses 1 through 36 above, as if set forth herein.

38(a) – 38(p)    Defendant denies that it violated the Rosenthal Act and denies each and every allegation within Paragraph 38 and its subparts.

39.    Defendant denies the allegation in Paragraph 39 in its entirety.

40.    Defendant denies the allegation in Paragraph 40 in its entirety.

41.    Defendant denies the allegation in Paragraph 41 in its entirety.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendants set forth the following matter constituting an avoidance or affirmative defense:

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

2.    Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable 1 year jurisdictional statute of limitations period of **15 U.S.C. § 1692k(d)** (FDCPA) and/or the statute of limitations period under **Cal. Civ. Code §1788.30(f)** (Rosenthal FDCPA).

/ / / /

/ / / /

- 4 -

**THIRD AFFIRMATIVE DEFENSE**

3.     Defendant is informed and believes and thereon alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages, or his Rosenthal claim is barred by virtue of **Cal. Civil Code §1788.30(g)**.

**FOURTH AFFIRMATIVE DEFENSE**

4.     Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

5.     Defendant alleges that all its actions were taken in good faith and with a reasonable belief that such actions were lawful.

**SIXTH AFFIRMATIVE DEFENSE**

6.     Defendant alleges that Plaintiff's Complaint, and the causes of action alleged therein, is barred because the amount Defendant sought to collect for the account involved in this lawsuit was expressly authorized by the agreement creating the debt.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     Defendant is informed and believes and thereon alleges that it has no civil liability under the FDCPA, **15 U.S.C. § 1692, *et seq.***, pursuant to **15 U.S.C. § 1692k(c)** and **Cal. Civil Code §1788.30(e)**, as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

/ / / /

/ / / /

/ / / /

1    **NINTH AFFIRMATIVE DEFENSE**

2    9.    Defendant alleges that it acted lawfully and intended to take any and all action

3    contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

4    **TENTH AFFIRMATIVE DEFENSE**

5    10.    Defendant alleges that it acted lawfully and there was a reasonable likelihood that any

6    legal action contemplated and represented to Plaintiff would be taken.

7    **ELEVENTH AFFIRMATIVE DEFENSE**

8    11.    Defendant alleges that the amounts (including any interest, fee, charge, or expense

9    incidental to the obligation) stated on the collection letters sent to Plaintiff were actually owed.

10    **TWELFTH AFFIRMATIVE DEFENSE**

11    12.    Plaintiff is barred from recovery because the Complaint (and the causes of action

12    alleged therein) is barred by the Doctrine of Unclean Hands.

13    **THIRTEENTH AFFIRMATIVE DEFENSE**

14    13.    Plaintiff's Complaint (and the causes of action alleged therein) is barred by the

15    Doctrines of Waiver, and/or estoppel.

16    **FOURTEENTH AFFIRMATIVE DEFENSE**

17    14.    Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is

18    barred because each of Plaintiff's claims is subject to the litigation privilege set forth in **California**

19    **Civil Code § 47(b)**, or arising under federal and state common law.

20    **FIFTHTEENTH AFFIRAMTIVE DEFENSE**

21    15.    Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is

22    barred because each of Plaintiff's claims is subject to the interested person privilege set forth in

23    **California Civil Code § 47(c)**, or arising under federal and state common law.

24    **SIXTEENTH AFFIRMATIVE DEFENSE**

25    16.    Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is

26    subject to set-off.

27    ////

28

- 6 -

DEFENDANT UNION ADJUSTMENT CO., INC.'s ANSWER TO PLAINTIFF'S COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE.

17.     Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its client pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant alleges that Plaintiff's Complaint, and the causes of action for violation of the FDCPA alleged therein, is barred by the Noerr-Pennington doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of  Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, res judicata, failure to join an indispensable party, and abatement.

**WHEREFORE**, Defendant prays for:

1.     That Plaintiff, and each of them, take nothing by way of this action;

2.     That Plaintiff's Complaint be dismissed;

3.     That Defendant be awarded reasonable attorneys' fees and costs incurred in defending this action; and

4.     For such other and further relief as this Court deems just and proper.

Dated: December 21, 2007

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

By _____
MARK E. ELLIS
Attorney for DEFENDANT UNION ADJUSTMENT CO., INC.

**CERTIFICATE OF SERVICE**

I, Maria Gutierrez, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On December 21, 2007, I served the following document(s) on the parties in the within action:

**DEFENDANT UNION ADJUSTMENT CO., INC.'s ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| **X** | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

| | |
|---|---|
| Mary G. Thompson<br>Law Offices of Eric F. Fagan<br>2300 Boswell Road<br>Suite 211<br>Chula Vista, CA 91914 | Attorney for<br>PLAINTIFF ANGELENA R. CASSADY |
| Eric F. Fagan<br>Law Offices of Eric F. Fagan<br>2220 Otay Lakes Rd #502-84<br>Chula Vista, CA 91915 | Attorney for<br>PLAINTIFF ANGELENA R. CASSADY |
| Michael Paul Lavigne<br>Carlson & Messer LLP<br>5959 West Century Blvd.<br>Suite 1214<br>Los Angeles, CA 90045 | Attorney for<br>DEFENDANT ZEE LAW GROUP, P.C. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on December 21, 2007.

By. _____
Maria Gutierrez

DEFENDANT UNION ADJUSTMENT CO., INC.'s ANSWER TO PLAINTIFF'S COMPLAINT