Mary G. Thompson (SBN 249200)
LAW OFFICES OF ERIC F. FAGAN
2300 Boswell Rd. Suite 211
Chula Vista, CA. 91914
mt@efaganlaw.com
Phone: 619-656-6656; Fax: 775-898-5471
Attorney for Plaintiff

Mark E. Ellis (SBN 127159)
ELLIS, COLEMAN, POIRIER, LAVOIE,
& STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
mellis@ecplslaw.com
Phone: 916-283-8820; Fax: 916-283-8821
Attorney for Defendant Union Adjustment Co.

David J. Kaminski (SBN 128509)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, CA 90045
kaminskid@cmtlaw.com
Phone: 310-242-2200; Fax: 310-242-2222
Attorney for Defendant Zee Law Group, P.C.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELENA R. CASSADY, an individual;<br><br>Plaintiff<br>v.<br><br>UNION ADJUSTMENT CO., INC, a corporation; ZEE LAW GROUP, P.C., a professional corporation; and DOES 1 through 10 inclusive, | Case No.: C 07-5405 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Rule 16 Conference: February 1, 2008<br>Time: 2:00 p.m. |

The parties in the above action jointly submit this Joint Case Management Statement, including Rule 26(f) report and Proposed Discovery Plan:

1

1. <u>Jurisdiction and Service</u>: Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. All parties have been served.

2. <u>Facts</u>: Plaintiff alleges that Defendants violated numerous provisions of the federal Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Act by writing letters and pursuing a lawsuit in California State Court, in an effort to collect a deficiency balance after a repossession of Plaintiff's vehicle. Plaintiff alleges that Defendants made material misrepresentations and were not entitled to collect the balance claimed. Defendants deny Plaintiff's allegations.

3. <u>Legal Issues</u>: Plaintiff alleges that Defendants violated numerous provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the California Rosenthal Act, California Civil Code §1788 et seq. in its attempts to collect the deficiency from Plaintiff. Plaintiff claims she is entitled to statutory damages, actual damages, and attorney's fees and costs under the Rosenthal Act and the FDCPA. Defendants deny Plaintiff's allegations and contest Plaintiff's damage claims.

4. <u>Motions</u>: Defendants anticipate filing a motion for summary judgment.

5. <u>Amendment of Pleadings</u>: No party anticipates amending its pleadings at this time.

6. <u>Evidence Preservation</u>: All parties have preserved all evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>: The parties will exchange by January 25, 2008 the information required by Fed. R. Civ. P. 26(a)(1).

//

8. <u>Discovery Plan</u>:

    (1) Plaintiff's discovery will be directed toward the communications by Defendants to Plaintiff, including communications sent in the conduct of Defendants' state action against Plaintiff. Plaintiff's discovery will also be directed towards the alleged debt Plaintiff incurred, how Defendant obtained rights to collect upon it, and all attempts by Defendant to collect it.

    (2) Defendants' discovery will be directed toward Plaintiff's allegations, damages and affirmative defenses.

    (3) Discovery will proceed according to the Federal Rules of Civil Procedure.

    (4) Fact Discovery shall be completed by September 17, 2008.

    (5) Reports from retained experts under Rule 26(a)(2) shall be due from each party by October 17, 2008.

    (6) Expert depositions may be taken up to November 17, 2008.

    (7) Requests and responses to interrogatories shall be governed by Fed. R. Civ. P. 33.

    (8) Requests for Admission and responses shall be governed by Fed. R. Civ. P. 36.

    (9) Each deposition shall be limited to maximum of 7 hours unless extended by agreement of parties, or by the court..

    (10) Supplementation under Rule 26(e) shall be due by October 3, 2008.

9. <u>Class Actions</u>: This action is not a Class Action.

10. <u>Related Cases</u>: There are no related cases.

11. <u>Relief</u>: Plaintiff seeks actual damages, statutory damages pursuant to 15 U.S.C. §1692k and California Civil §1788.30(a), costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c).

//

12. **Settlement and ADR**: The parties concurrently file a Joint Stipulation and Proposed Order Selecting ADR Process, selecting Mediation pursuant to ADR L.R. 6.

13. **Consent to Magistrate Judge for All Purposes**: All parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14. **Other References**: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: The parties agree to pursue the narrowing of issues by agreement, motion, or stipulation.

16. **Expedited Schedule**: This is not the type of case that can be handled on an expedited basis.

17. **Scheduling**:
    (1) The parties request a trial date of December 15, 2008.
    (2) Reports from retained experts under Rule 26(a)(2) shall be due from each party by July 17, 2008.
    (3) Discovery, other than that of expert witnesses, shall be completed by September 17, 2008.
    (4) All motions (other than motions in limine) shall be served and filed by October 17, 2008.
    (5) The parties request a final pre-trial conference on December 2, 2008.
    (6) The parties shall serve and file a final exhibit list, witness list and any motions in limine by November 17, 2008.

//
//

18. <u>Trial</u>: A jury trial is available and Plaintiff has made a timely demand for trial by jury. The parties expect the trial to take four to five days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. No party is aware of any non-party who has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. <u>Other</u>: All parties request to attend the Initial Case Management Conference by telephone. Plaintiff's counsel can be reached at 619-656-6656 on the day of the hearing.

Dated 1/17/08

LAW OFFICES OF ERIC F. FAGAN

_____
Mary G. Thompson, Attorney for Plaintiff

Dated 1/17/08

CARLSON & MESSER LLP

_____
David J. Kaminski, Attorney for Defendant Zee Law Group

Dated 1/17/08

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

_____
David Leas, Attorney for Defendant Union Adjustment Co.

5

RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN

# CASE MANAGEMENT ORDER

The Joint Case Management Statement is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____

_____
Susan Illston, United States District Judge