Mark E. Ellis - 127159
David B. Leas - 238326
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for
DEFENDANT UNION ADJUSTMENT CO., INC.

UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANGELENA CASSADY, an individual,, <br><br> Plaintiff, <br><br> v. <br><br> UNION ADJUSTMENT CO., INC., a corporation; ZEE LAW GROUP, P.C., a professional corporation; and DOES 1 through 10 inclusive., | Case No.: 07-CV-05405-SI <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> DATE: May 16, 2008 <br> TIME: 2:30 P.M. |

The parties in the above action jointly submit this Joint Case Management Statement, in advance of the second Case Management Conference in this action.

1.   <u>Jurisdiction and Service:</u> Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. All parties have been served.

2.   <u>Facts:</u> Plaintiff alleges that Defendants have violated the federal Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Act by writing letters and pursuing a lawsuit in California State Court, in an effort to collect a deficiency balance after a repossession of Plaintiff's vehicle.  Plaintiff alleges that Defendants made material misrepresentations and were not entitled to collect the balance claimed.  Defendants deny Plaintiff's allegations.

///

3. <u>Legal Issues:</u> Plaintiff alleges that Defendants violated numerous provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the California Rosenthal Act, California Civil Code §1788 et seq. in their attempts to collect the deficiency from Plaintiff. Plaintiff claims she is entitled to statutory damages, actual damages, and attorney's fees and costs under the Rosenthal Act and the FDCPA. Plaintiff claims that Defendant Union Adjustment Company can be held vicariously liable for any such violation by its attorney in prosecuting the claim. Defendants deny that either violated the FDCPA or the Rosenthal act in any way and contest Plaintiff's claim for damages. Defendant Union Adjustment Company contests any application of vicarious liability.

4. <u>Motions:</u> Defendants intend to file motions for summary judgment.

5. <u>Amendment of Pleadings:</u> No party anticipates amending its pleadings at this time.

6. <u>Evidence Preservation:</u> All parties have preserved all evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures:</u> The parties have exchanged the information required by Fed. R. Civ. Proc. 26(a)(1).

8. <u>Discovery Plan:</u>

The Court has set a December 15, 2008 trial date for this case. Based on that trial date, a discovery plan has been ordered by the Court. At this time, no party anticipates any need to alter or deviate from the plan. Written discovery has been exchanged. Plaintiff's deposition has been taken, and Plaintiff has noticed the deposition of both Defendants.

9. <u>Class Actions:</u> This action is not a Class Action.

10. <u>Related Cases:</u> There are no related cases.

11. <u>Relief:</u> Plaintiff seeks actual damages, statutory damages pursuant to 15 U.S.C. §1692k and California Civil §1788.30(a), costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c).

12. <u>Settlement and ADR:</u> Mediation was held on April 24, 2008. The parties were not able to come to a settlement.

13. <u>Consent to Magistrate Judge for All Purposes:</u> All parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14. <u>Other References:</u> This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u> The parties agree to pursue the narrowing of issues by agreement, motion, or stipulation.

16. <u>Expedited Schedule:</u> This is not the type of case that can be handled on an expedited basis.

17. <u>Scheduling:</u> Scheduling plan previously submitted by parties on January 17, 2008 remains.

18. <u>Trial:</u> A jury trial is available and Plaintiff made a timely demand for trial by jury. In the parties' previous Joint Case Management Statement, parties requested a trial date on or about December 15, 2008. The parties expect the trial to take four to five days.

19. <u>Disclosure of Non-Party Interested Entities or Persons:</u> Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. No party is aware of any non-party who has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. <u>Other:</u> All parties request to attend the May 16, 2008 Case Management Conference by telephone. Plaintiff's counsel can be reached at (619) 656-6656, counsel for Zee Law Group at (310) 242-2215, and counsel for Union Adjustment at (916) 283-8820, on the day of the hearing.

Dated: May 9, 2008                          LAW OFFICES OF ERIC FAGAN


                                            /s/ Mary G. Thompson
                                            Mary G. Thompson, Attorney for Plaintiff
                                            ANGELENA CASSADY

///
///
///
///
///
///
///
///

- 3 -
JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| Dated: May 9, 2008 | CARLSON & MESSER LLP |
| | |
| | /s/ Michael Lavigne |
| | Michael Lavigne, Attorney for Defendant ZEE LAW GROUP |
| | |
| Dated: May 9, 2008 | ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP |
| | |
| | Mark E. Ellis, Attorney for Defendant UNION ADJUSTMENT CO., INC. |

# CERTIFICATE OF SERVICE

I, Maria Gutierrez, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On May 9, 2008, I served the following document(s) on the parties in the within action:

**JOINT CASE MANAGEMENT STATEMENT**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Mary G. Thompson<br>Law Offices of Eric F. Fagan<br>2300 Boswell Road<br>Suite 211<br>Chula Vista, CA 91914 | Attorneys for<br>Plaintiff ANGELENA R. CASSADY |
| David Kaminski<br>Carlson & Messer, LLP<br>5959 W. Century Boulevard<br>Suite 1214<br>Los Angeles, CA 90045 | Attorneys for<br>Defendant ZEE LAW GROUP, P.C. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on May 9, 2008.

By: _____
Maria Gutierrez